IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 AUG 31 PM 4 16
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **CENTRAL ADMIXTURE PHARMACY SERVICES, INC.,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | **CIVIL ACTION NO.** |
| **ADVANCED CARDIAC SOLUTIONS, P.C.; CHARLES WALL,** ) ) ) | CV-00-B-2430-S |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Central Admixture Pharmacy Services, Inc. ("CAPS") hereby complains against defendants Advanced Cardiac Solutions, P.C. ("ACS") and Charles Wall ("Wall") as follows.

### PARTIES

1.  CAPS is a Delaware corporation, with its principal place of business in Irvine, California. CAPS is qualified to do and is doing business in Alabama.

2.  Defendant ACS is an Alabama corporation, with its principal place of business in Bessemer, Alabama. ACS was founded by Wall in early 1998.

3.  Defendant Wall is an individual who resides in Jefferson County, Alabama. Wall is a former employee of CAPS' Birmingham, Alabama facility.

4.  On information and belief, Wall controls and directs the activities of ACS, including its infringement of CAPS' patent as discussed below.

## JURISDICTION

5. This is an action for patent infringement under 35 U.S.C. § 271. This court has jurisdiction over this matter under 28 U.S.C. § 1331 and 1338(a).

## VENUE

6. Venue is based on 28 U.S.C. §§ 1400(b) and 1391(b) & (c) in that this judicial district is the district in which defendants reside and in which defendants have engaged in acts of infringement as alleged below.

## BACKGROUND FACTS

7. CAPS is the leading provider of cardioplegic solutions to medical centers and other health care providers in the United States.

8. Cardioplegic solutions are chemical solutions designed to stop the heart and reduce its energy demands during cardiac surgery. Cardioplegic solutions are used by surgeons to protect the heart from damage when the blood supply must be interrupted during surgery.

9. On January 29, 1991, the United States Patent and Trademark Office issued U.S. Patent Number 4,988,515 (the '515 patent), which is entitled "Cardioplegic Solution." CAPS is the exclusive, worldwide licensee of the '515 patent. A true and correct copy of the '515 patent is attached to this Complaint as Exhibit A.

10. CAPS previously sued ACS and Wall, alleging, among other things, misappropriation of trade secrets. That lawsuit, *Central Admixture Pharmacy Services, Inc. v. Charles Wall et al.*, CV-98-G-2504-S, was filed in the United States District Court for the Northern District of Alabama. The case settled and in the Settlement Agreement CAPS expressly reserved its right to prosecute a patent infringement action against ACS and Wall.

11. Following the settlement, ACS and Wall ceased sales of certain cardioplegic

solutions. CAPS has recently learned that ACS and Wall are offering to sell and selling cardioplegic solutions that infringe the '515 patent.

## CAUSE OF ACTION

### (Infringement of the '515 Patent, 35 U.S.C. § 271)

12. CAPS incorporates by reference each of the above paragraphs as if restated herein in its entirety.

13. CAPS alleges that ACS and Wall have manufactured, distributed, offered to sell and sold, in this judicial district and elsewhere, cardioplegic solutions that infringe the '515 patent.

14. ACS and Wall have also contributed to and induced infringement by others of the '515 patent.

15. ACS and Wall's infringement of the '515 patent has damaged CAPS and caused CAPS to suffer, among other things, lost profits and a diminution in the value of CAPS' business.

16. Unless enjoined, ACS and Wall will continue to infringe the '515 patent and damage CAPS. CAPS, therefore, is entitled to a permanent injunction.

17. On information and belief, CAPS alleges that ACS and Walls' continuing infringement of the '515 patent is and has been willful, entitling CAPS to recover enhanced damages.

WHEREFORE CAPS prays for judgment against defendants, and each of them, as follows:

1. For a permanent injunction enjoining ACS and Wall from continued infringement of the '515 patent;

2. For all damages suffered by CAPS for infringement of the '515 patent, including, but not limited to, lost profits and the diminution in the value of CAPS' business;

3. For treble damages for willful infringement under 35 U.S.C. § 284;

4. For costs of suit;

5. For pre-judgment interest; and

6. Such other relief that this Court finds appropriate.

_____
Michael S. Denniston
John W. Smith T
T. Gregory Peterson
Attorneys for Plaintiff
Central Admixture Pharmacy Services, Inc.

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
2001 Park Place, Suite 1400
Birmingham, Alabama 35203-2736
(205) 521-8000

William J. O'Brien
Brett J. Williamson
Peter R. Afrasiabi
O'MELVENY & MYERS LLP
114 Pacifica, Suite 100
Irvine, California 92618-3318
(949) 737-2900

**SERVE DEFENDANTS AS FOLLOWS:**

Advanced Cardiac Solutions, P.C.
1020 9th Avenue Southwest, Suite 102
Bessemer, Alabama 35022-4530

Charles Wall
1020 9th Avenue Southwest, Suite 102
Bessemer, Alabama 35022-4530