FILED

2005 May-05  PM 05:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CENTRAL ADMIXTURE PHARMACY SERVICES, INC. and Dr. GERALD BUCKBERG, | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. CV-00-HS-2430-S |
| v. | ) ) | |
| ADVANCED CARDIAC SOLUTIONS, P.C.; and CHARLES WALL, | ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL DISCOVERY

This cause comes before the court on the *Motion to Compel Discovery* (doc. 210) and the *Motion to Determine Sufficiency of Plaintiff's Objections and Responses to Defendants' Requests for Admission from Dr. Gerald Buckberg* (doc. 209), which were filed by the defendants Advanced Cardiac Solutions, PC, and Charles Wall.  In the motions, the defendants seek a ruling on the plaintiffs' obligation to supplement their responses to the defendants' requests for document production and requests for admission.  Each motion has been opposed and is ripe for decision.

### 1.    *Defendants' Motion to Compel Document Production*

The motion to compel document production is due to be, and hereby is

**DENIED**.  Plaintiffs represent to the court that all documents in the plaintiffs' possession, custody, or control responsive to the defendants' requests for document production have been produced, and the defendants cannot show that these representations are false, nor can they identify specific documents that plaintiffs allegedly are improperly withholding from production.  Defendants argue that the plaintiff Gerald Buckberg should be ordered to obtain certain requested documents from third-parties, such as the University of California and the National Institute of Health.  To the extent that the defendants wish to compel the production of documents from third-parties, Federal Rule 34(c) instructs that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45."  *See* Fed. R. Civ. P. 34(c).  Rule 45 provides for the issuance of subpoenas.

### 2.    *Plaintiffs' Relevancy Objection to the Requests for Admission*

Plaintiffs objected to virtually all of the defendants' requests for admission on the ground that they sought admissions on topics that were not relevant to the claims of record in this litigation.  Plaintiffs based this position on the fact that many of the defendants' requests for admission relate to the defendants' inequitable conduct, patent invalidity, and patent misuse defenses.  Plaintiffs argue that these defenses are not properly before the court because the defendants began this litigation relying

primarily on a defense that the plaintiff could not show patent infringement. Plaintiffs argue that the defendants sought to raise the defenses of inequitable conduct, patent invalidity, and patent misuse only after their initial defense of no-infringement was undermined by the court's rulings.

Whatever truth there may be in how the plaintiffs characterize the defendants' evolving litigation strategy, the defenses of inequitable conduct, patent invalidity, and patent misuse are properly before the court. Defendants' Third Amended Answer and Counterclaim asserts several affirmative defenses of patent invalidity (*see* doc. 207 "Affirmative Defenses" ¶¶ 6-10), one defense of patent misuse (*see id.* "Affirmative Defenses" ¶ 12), one defense based on the allegation that the patentee "fail[ed] … to advise the Patent Office of prior art which was material to the examination of the patent[,]" which forms the heart of the defendants' inequitable conduct claims (*see id.* "Affirmative Defenses"  ¶ 11), and one counterclaim based in large part on a contention of "failure to disclose and/or inequitable conduct during the prosecution of the patent." (*See id.* "Counterclaims" ¶ 9.) Accordingly, the plaintiffs' objections to the defendants' requests for admission on the basis of relevance are **OVERRULED**.

### 3.    *Plaintiffs' Remaining Objections to the Requests for Admission*

Plaintiffs also objected to the requests for admission on the ground that they

were improper.  Regarding requests for admission, it has been explained that "[s]trictly speaking Rule 36 is not a discovery procedure at all, since it presupposes the party proceeding under it knows the facts … and merely wishes its opponent to concede their genuineness.  A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36."  8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2253 (2d ed. 1994).  The purpose of Rule 36 is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry."  *Id.* § 2252.  A party's requests for admission therefore must conform to this purpose:

> Each of the matters on which an admission is requested must be separately set forth.  The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit.  Each request for admission should be phrased simply and directly so that it can be admitted or denied without explanation.

*Id.* § 2258.

Here, defendants propounded 112 requests for admission.  Many of the defendants' requests read like part of a cross-examination.  Most requests go directly to the heart of the disputed issues in this action, many use vague and ambiguous language that make it difficult to determine what the plaintiffs are being requested to

admit or deny, and others request legal conclusions.  To those requests, the plaintiffs have interposed objections.  To others, the plaintiffs have furnished admissions or denials.  Regarding the requests that the plaintiffs objected to, and based upon the principles outlined above, the court rules as follows:

1.     The defendants' motion to compel amended responses is **GRANTED,** and the plaintiffs' objections are **OVERRULED,** with respect to the following requests for admission: 25, 48, 59, 70, 72, 85, 91, and 92.

2.     The defendants' motion to compel amended responses is **DENIED** on the ground that the plaintiffs' responses sufficiently answer the requests with respect to the following requests for admission: 2, 8, 12, 13, 14, 15, 16, 17, 27, 77, 94, 97, 98, 99, 101, 103, and 105.

3.     The defendants' motion to compel amended responses is **DENIED** on the ground that the requests seek admissions regarding information protected by the attorney/client privilege with respect to the following requests for admission: 35, 36, 37, 38, 39, 43, and 44.

4.     The defendants' motion to compel amended responses is **DENIED** on the ground that the requests are vague, ambiguous, and may not be capable of a simple admission or denial without explanation with respect to the following requests for admission: 4, 5, 6, 7, 9, 10, 11, 18, 19, 20, 21, 22, 24, 26, 28, 29, 30, 21, 32, 33,

41, 42, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 60, 61, 62, 63, 64, 65, 66, 67, 69, 71, 73, 74, 78, 79, 80, 83, 84, 86, 87, 95, 96, 100, 102, 104, 106, 107, 108, 109, 110, 111, and 112.

5.     The defendants' motion to compel amended responses is **DENIED** on the ground that the requests are vague, ambiguous, and may not be capable of a simple admission or denial without explanation *and* because the requests seek admissions regarding the state of mind of third-parties with respect to the following requests for admission: 23, 74, 75, and 76.

6.     The defendants' motion to compel amended responses is **DENIED** on the ground that the requests are vague, ambiguous, and may not be capable of a simple admission or denial without explanation *and* because the requests seek admissions regarding legal conclusions with respect to the following requests for admission: 88, 89, and 90.

7.     The defendants' motion to compel amended responses is **DENIED** on the ground that the request seeks an admission regarding the genuineness of a document but failed to attach the relevant document with respect to request for admission no. 40.[1]

---

[1]*See* 8A Wright, Miller & Marcus, Fed. Prac. & Proc. § 2258.

## <u>CONCLUSION</u>

The plaintiffs are directed, within fourteen days of the entry of this Order, to amend their answers to requests for admission nos. 25, 48, 59, 70, 72, 85, 91, and 92. The defendants' motions to compel are in all other respects **DENIED**.

**DONE** and **ORDERED** this 5th day of May, 2005.

————————————————————
**VIRGINIA EMERSON HOPKINS**
United States District Judge