FILED
2006 Jan-10 PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CENTRAL ADMIXTURE PHARMACY SERVICES, INC.,** and **GERALD BUCKBERG,** | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **ADVANCED CARDIAC SOLUTIONS, P.C.,** and **CHARLES WALL,** | ) ) ) ) |
| Defendants. | ) |

CASE NO. CV-00-2430-VEH

**ORDER**

For the reasons stated in the Memorandum of Opinion this day entered, the court rules as follows on the following motions:

1. The defendants' motion for judgment on the pleadings for lack of ownership of the '515 patent (doc. 219) is **DENIED**;

2. The plaintiffs' motion for summary judgment as to the defendants' claim of inequitable conduct and patent misuse (doc. 229) is **GRANTED**[1] and the defendants' motion for summary judgment on

---

[1] Because the plaintiffs' motion for summary judgment on the defendants' unpled counterclaim of antitrust violation (doc. 229) is DENIED as moot, the plaintiffs' fourth motion for summary judgment (doc. 229) is GRANTED IN PART as to defendants' defenses of inequitable conduct and patent misuse and DENIED IN PART as to the defendants' unpled antitrust counterclaim.  The defendants failed to plead a counterclaim for violations of the federal antitrust laws, and the claim simply is not before the court.

      inequitable conduct (doc. 233) is **DENIED**;

3.     The plaintiffs' motion for summary judgment as to the defendants' claim that the '515 patent is invalid (doc. 223) is **GRANTED**;

4.     The plaintiffs' motion for summary judgment on its claim of infringement (doc. 221) is **DENIED IN PART** and **GRANTED IN PART** as follows: summary judgment is granted as to whether the defendants willfully infringed the '515 patent, provided that the certificate of correction is found to be valid; summary judgment is denied as to whether the certificate of correction is valid;

5.     The defendants' partial motion for summary judgment of no infringement prior to the issuance of the certificate of correction (doc. 235) is **DENIED**;

6.     The plaintiffs' motion for summary judgment on the second counterclaim of false marking and third counterclaim of false advertising (doc. 226) is **GRANTED**.

The following issues shall proceed to resolution by trial:

1.     Whether the certificate of correction, issued by the United States Patent and Trademark Office on January 30, 2001, is valid under *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358 (Fed. Cir. 2001).

2.     Whether an osmolarity of between 349 and 377 mOsmol/L is equivalent to an osmolarity of 385 to 515 mOsmol/L under the doctrine of equivalents.

3.     If the defendants are deemed to have infringed the '515 patent prior to the issuance of the certificate of correction, whether that infringement was willful.

4.     If the defendants are liable for infringing the '515 patent, what the plaintiffs' damages are.

**DONE** and **ORDERED** this 10th day of January, 2006.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge