FILED
2006 Feb-27 PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CENTRAL ADMIXTURE PHARMACY SERVICES, INC., and GERALD BUCKBERG,** | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. CV-00-2430-VEH |
| v. | ) ) | |
| **ADVANCED CARDIAC SOLUTIONS, P.C., and CHARLES WALL,** | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

This matter comes before the Court on Defendants', Advanced Cardiac Solutions, P.C. and Charles Wall (hereinafter "ACS"), Motion for Reconsideration of the Court's (Corrected) Memorandum Opinion and Order on the parties' motions for summary judgment (doc. 274). After discussion of the standards governing a motion for reconsideration and a Rule 59(e) motion,[2] the Court concludes that ACS's

---

[1] The parties are put on notice that all motions, briefs, or other writings to be filed with the Court should be double spaced and written in 14 point font. The Court will strike any motions, briefs, or other writings that do not follow these specifications.

[2] While defendant's motion is titled a motion for reconsideration, the court also addresses the standard for a Rule 59(e) motion since plaintiff appears to believe that there is one at issue in this case.

1

motion is unsupported and due to be **DENIED**.

The parties additionally seek a final ruling by the Court as to the validity of the Certificate of Correctness (hereinafter "COC") as a matter of law. The Court holds that the COC is valid.

## **Standard of Review**

A district court has plenary power over an interlocutory order and the power to reconsider, revise, alter, or amend it. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (citations and internal quotations omitted). The standards for the grant or denial of relief in a motion to reconsider or in a Rule 59(e) motion to alter or amend are similar, but there are some differences, and each is set out below.

I.   Rule 59(e)[3]

"The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998). A party may not "use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th

---

[3] Defendant's motion for reconsideration in the instant case cannot be construed as a Rule 59(e) or Rule 60(b) motion because it does not seek to alter or amend a final judgment. An order denying summary judgment, such as the one entered in this case, is not a final judgment. It is an interlocutory order.

Cir. 2005). Essentially, a Rule 59(e) motion will not be granted when a party simply disagrees with the district court's decision but offers no new law or evidence. *See id.* However, there is some authority that Rule 59(e) motions may be granted for the following reasons: (1) to account for an intervening change in controlling law; (2) to address newly-discovered or previously-unavailable evidence; or (3) to correct a clear error or prevent manifest injustice. *Cover v. Wal-Mart Stores Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993).[4]

The trial judge has discretion whether to alter or amend a judgment, and such a decision will not be overturned on appeal absent abuse of that discretion. *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (1995).

II. Motion To Reconsider

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See, e.g., Spellman v. Haley*, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2004) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse

---

[4] District court decisions, even from this district, are not controlling authority.

ruling"); *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992). As a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D.Ala. 2003).

It is well established that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *See, e.g., Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so). Furthermore, the Eleventh Circuit has explicitly stated that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar); *Richards v. United States*, 67 F. Supp. 2d 1321,1322

4

(M.D.Ala. 1999) (same).

Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact. *See* Fed.R.Civ.P.60(b); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."). The grant or denial of a motion to reconsider is left to the discretion of the district court. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

## **Analysis**

In its motion for reconsideration, ACS merely (1) asserts arguments previously raised and considered; or (2) raises arguments that could have been asserted previously and are improperly submitted in a motion for reconsideration. ACS offers arguments that the defense of prosecution history estoppel somehow limits the scope of asserted claims including the doctrine of equivalents. However, the Court has repeatedly examined, analyzed, and rejected these arguments; most recently in the

January 13, 2006, Order on the parties' motions for summary judgment. These assertions will not be revisited by the Court in analyzing the instant motion.

The only novel argument that ACS brings to the Court's attention centers around the Federal Circuit's decision in *Johnson & Johnson Assocs. Inc. v. R.R. Serv. Co., Inc.*, 285 F.3d 1046 (Fed. Cir. 2002). The rule in *Johnson & Johnson* dictates that disclosed but unclaimed alternatives found in the patent specification are deemed to have been dedicated to the public and cannot be recaptured under the doctrine of equivalents. ACS argues that "it is manifestly clear from the record that the formulas disclosed in the '515 patent are not claimed by the '515 patent ... [therefore] because the formulas were dedicated to the public, [ACS was] entitled to copy them prior to the certificate of correction." [Def. Memo. in Support of the Motion for Reconsideration, p. 17]. CAPS asserts that "the disclosed formulas are preferred embodiments of the claimed solutions and are therefore presumptively within the scope of the '515 patent claims." [Pla. Opposition to the Motion for Reconsideration, p.9]. ACS's argument is untimely and improperly brought.

As the Court mentioned above, "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). In addition, "a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a

6

motion to reconsider." *Publishers Resource v. Walker-Davis Pubs.*, 762 F.2d 557, 561 (7th Cir. 1985). The holding in *Johnson & Johnson* does not offer new and controlling case law that was previously unavailable to ACS. Because ACS could have properly asserted this argument in its motion for summary judgment or, alternatively, in response to CAPS's motion for summary judgment, this argument is not properly brought in a motion for reconsideration and will not be analyzed by this Court.

Alternatively, the Court holds that the disclosed formulas are presumptively within the scope of the '515 patent claims and that ACS has failed to present substantial evidence to the contrary. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (interpretation of a patent claim that excludes the preferred embodiment is "rarely, if ever, correct and would require highly persuasive evidentiary support").

A motion to reconsider is only appropriate when (1) there is an intervening change in controlling law, (2) new evidence becomes available, or (3) there is a need to correct clear error or manifest injustice. None of those situations are present in the instant case. Accordingly, ACS's Motion for Reconsideration is hereby **DENIED**.

## The Certificate of Correction is Valid as a Matter of Law

The parties to this action request that the Court decide the question of whether

the correction effectuated by the COC broadened the scope of the '515 patent claims.[5]
This Court will rule on the validity of the COC based on the papers already presented. No fruitful purpose would be served through additional briefing as to the validity of the COC.

The issue regarding the validity of the COC has previously been decided by the Court in its *Markman* Order, which was issued following briefing by both parties and testimony from witnesses. The Court held that:

> [A]t this time [ACS] has failed to present clear and convincing evidence that the COC is invalid. The burden rests heavily on the party challenging the validity of the COC to present clear and convincing evidence that the COC is invalid. While [ACS] did present some evidence of invalidity, they did not present clear and convincing evidence that the COC did anything more than correct a mistake of minor character. [ACS] failed to present sufficient evidence to prove that the COC broadened the claim.

[*Markman* Order (doc. 64), p.1]. ACS challenges the validity of the COC and has failed to present any new evidence to cause the Court to revisit its holding in the *Markman* Order; therefore, this ruling is now made final. *See Superior Fireplace Co. v. Majestic Fireplace*, 270 F.3d 1358, 1367 (Fed. Cir. 2001) (holding that the burden rests heavily on the party challenging the validity of the COC to present clear and convincing evidence that the COC is invalid). The Court specifically adopts its

---

[5]In its motion for reconsideration, ACS requests the Court to rule on the validity of the COC. When responding to the motion, CAPS agreed that the Court should decide this issue.

holding in the *Markman* Order issued May 2, 2002 (doc. 64), that the COC is valid as a matter of law and that the COC did not broaden the claim.[6]

**DONE** and **ORDERED** this 27th day of February, 2006.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[6] This holding will not change any of the Court's prior Orders.