UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CENTRAL ADMIXTURE PHARMACY SERVICES, INC., and GERALD BUCKBERG, <br><br>Plaintiffs, <br><br>v. <br><br>ADVANCED CARDIAC SOLUTIONS, P.C., and CHARLES WALL, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>CASE NO. CV-00-2430-VEH |

## MEMORANDUM OPINION

On May 31, 2007, the parties were ordered to advise the court as to what issues, if any, remain to be decided in this action. In response, the parties have submitted numerous briefs (docs. 301-306) explaining their positions as to the respective issues to be determined by the court.

### I. PROCEDURAL HISTORY

This patent infringement action was initiated in the district court in August 2000. (doc. 1). On January 31, 2001, the United States Patent and Trademark Office issued a Certificate of Correction (hereinafter "COC"), which effectively broadened the scope of the original patent claims. (See doc. 300 at 12). On February 14, 2006,

the Plaintiffs stipulated that "if the COC is held valid . . . Plaintiffs do not intend to pursue their claim for damages against Defendants for infringement of the [ ] patent for any sales of the accused solutions made prior to issuance of the COC." (doc. 276 at n. 1).

This court thereafter concluded that the COC was valid. (See doc. 277 at 7-9). Therefore, in its Pretrial Order entered March 2, 2006, the court explained that "Plaintiffs have withdrawn their claims that Defendants infringe the [ ] patent claims prior to issuance of the COC." (doc. 279 at 4). The court further explained that "the sole issues that remain are what Plaintiffs' damages are."[1] (Id. at 7).

Having found that Plaintiffs had withdrawn their pre-COC claims, the court granted summary judgment for Plaintiffs as to whether Defendants had infringed the patent's post-COC claims. (doc. 272 at 2, ¶ 4; doc. 279 at 4).

Defendants appealed this judgment, which was final as to all claims still asserted by Plaintiffs,[2] to the Federal Circuit Court of Appeals. (See doc. 300). The

---

[1] "Because a pretrial order supercedes the pleadings, the pretrial order had the effect of eliminating" Plaintiffs' pre-COC claims from further consideration. See *State Treasurer of Michigan v. Barry*, 168 F.3d 8, 9-10 (11th Cir. 1999).

[2] 28 U.S.C. § 1292(c)(2), under which the Federal Circuit Court exercised appellate jurisdiction, provides that "[t]he United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit <u>and is final except for an accounting</u>." (Emphasis added).

2

appeals court reversed this court's finding that the COC was valid, vacated summary judgment for Plaintiffs, and remanded the action "for a redetermination of infringement under the patent's original, uncorrected claims." (Id. at 1).

As explained *supra*, on May 31, 2007, this court ordered the parties to explain what issues remain to be decided, in light of the Federal Circuit's mandate.

## II. ANALYSIS

### A. Plaintiffs' Remaining Claims

The parties disagree as to what claims remain to be decided. Plaintiffs assert that, because the COC is invalid, the court must now decide whether Defendants infringed the patent as it was written prior to the issuance of the COC. Defendants assert that Plaintiffs have withdrawn their claims that were based on the patent's original language and, therefore, Plaintiffs have no remaining claims to be decided.

In support of this argument, Defendants point to the court's Pretrial Order, in which, as explained *supra*, the court concluded that Defendants infringed the patent's post-COC language, leaving the amount of Plaintiffs' damages as the only issue left to be determined.[3] (doc. 279 at 4, 7).

Plaintiffs apparently concede that they withdrew these claims, as they do not

---

[3] The only reference in the Pretrial Order to Plaintiffs' pre-COC claims explains that such claims had been withdrawn. (Id. at 4).

argue that the court erroneously excluded them from its Pretrial Order. Plaintiffs do not dispute that, consistent with the Pretrial Order, the only issue to be decided prior to the appeal was damages related to their post-COC claims.

Because the Federal Circuit held the COC to be invalid, however, Plaintiffs now argue that that court's decision effectively "altered the Pretrial Order's underlying premises," and "injected [the Plaintiffs'] pre-COC language claims back into this case." According to Plaintiffs, the Federal Circuit's opinion renders the Pretrial Order "obsolete." Hence, this court should modify the Order "to account for the Federal Circuit's ruling."

Plaintiffs point to no case law, statute, or provision in the Federal Rules of Civil Procedure that allows a party to revive a claim under these circumstances. However, the Eleventh Circuit has instructed that "[a] district court has 'broad discretion' to construe its own pretrial orders and we afford substantial deference to a trial court's decision to allow (or disallow) amendments to pretrial orders." *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1334 (11th Cir. 2005), citing *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1323 (11th Cir.2004). Plaintiffs urge this court to exercise its discretion by modifying the Pretrial Order to allow their pre-COC claims to be reasserted.

FED. R. CIV. P. 16(e) provides that

> [a]fter any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice.

Plaintiffs argue that the court should not apply this "manifest injustice" standard in the present action, because the standard applies only when modifying the Pretrial Order would cause injury to Defendants or inconvenience to the court. See *United States v. Varner*, 13 F.3d 1503, 1508 (11th Cir. 1994) ("Upon a finding that an amendment to the pretrial order would result in either substantial injury to the opposing party or inconvenience to the court, the pretrial order should only be amended to avoid manifest injustice.").[4]

Regardless of whether the court applies the "manifest injustice" standard, the court finds that modifying the Pretrial Order under these circumstances is not appropriate. The Pretrial Order clearly states that it may be modified only "for good cause shown." (doc. 279 at 16). Plaintiffs have not demonstrate that such "good cause" exists in this action. Rather, Plaintiffs <u>chose</u> to withdraw their pre-COC

---

[4] Despite this argument, Plaintiffs later appear to shift their position to assert that the court should apply this standard, as "manifest injustice" would result to <u>Plaintiffs</u> if the Pretrial Order is not modified. The court disagrees. If Plaintiffs suffer any "manifest injustice" in this action, such is due to their own failure to pursue a successful legal strategy. See *Morro v. City of Birmingham*, 117 F.3d 508 (11th Cir. 1997) (affirming the district court's refusal to modify its pretrial order to include a defense not previously asserted, explaining that "any injury resulting from our decision . . . is a direct result of the defendant's failure to properly present its case").

claims to pursue broader claims under the patent's post-COC language. The court finds no reason to modify its Pretrial Order merely to protect Plaintiffs from the consequences of their failed legal strategy.

Eleventh Circuit precedent supports this conclusion. In *Walker v. Anderson Elec. Connectors*, 944 F.2d 841, 844 (11th Cir. 1991), the court instructed that a party who abandons a claim of relief in a Pretrial Order is not entitled to a modification of that Order under Rule 16(e) merely because the abandonment of the claim has backfired.

Similarly, in *Del Rio Distributing, Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 (5th Cir. 1979)[5], the former Fifth Circuit held that, where the appellant had voluntarily abandoned its claims under State antitrust laws and later moved to amend the Pretrial Order to reassert those claims, the district court did not abuse its discretion by denying the motion. The court explained that "the trial judge is vested with broad discretion in determining whether or not a pre-trial order should be modified or amended. . . . [The] appellant chose to abandon its claims under Texas antitrust laws and has failed to establish that the trial court abused its discretion." *Id.*, citing *Bettes v. Stonewall Insurance Co.*, 480 F.2d 92, 93 (5th Cir. 1973) (affirming

---

[5] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

denial of motion to amend pretrial order, because "[t]he request [to amend] was an eleventh-hour appeal to the district court made only after other trial tactics had failed," and "[a]ny detriment to [the movant] caused by denying the proposed amendment to the pre-trial order was occasioned by his own actions.").

Plaintiffs next argue that the Federal Circuit's opinion "certainly constitutes 'good cause'" to modify the Pretrial Order. Plaintiffs assert that the Federal Circuit "obviously" considered their pre-COC claims to remain at issue, as that court "explicitly remanded" those claims to this court for determination.

The court declines to adopt Plaintiffs' interpretation of the Federal Circuit's mandate. The only reference by the Federal Circuit to the pre-COC claims on remand is that Plaintiffs "may" pursue such claims before this court. (doc. 300 at 18). Whether the Pretrial Order is amended to allow those claims, however, is within this court's discretion. See *Walker*, 944 F.2d at 844; *Del Rio*, 589 F.2d at 178; *Sherman*, 462 F.2d at 579; *Santiago v. Lykes Bros. S.S. Co., Inc.*, 986 F.2d 423, 427 (11th Cir. 1993); *Braswell v. Conagra, Inc.*, 936 F.2d 1169, 1176 (11th Cir. 1991). Consistent with this settled point of law, at no point does the Federal Circuit direct this court to disregard Plaintiffs' withdrawal of the claims and allow them to be reasserted.

Plaintiffs argue, however, that the claims must be allowed, as they withdrew their pre-COC claims <u>only under the condition</u> that the COC be held valid.

7

According to Plaintffs, this condition was not met, because the Federal Circuit held that the COC was invalid. Hence, Plaintiffs argue that the Pretrial Order must be modified to reflect that the pre-COC claims may be reasserted in light of the Federal Circuit's opinion.

The court rejects this argument, finding no basis in the record to find that Plaintiffs' withdrawal of their pre-COC claims was conditional on the COC's validity <u>on appeal</u>. Plaintiffs explain that the withdrawal was expressly conditional on the Federal Circuit's determination that the COC was valid. The court finds no support for this argument in the record.

Plaintiffs point to their brief, submitted in opposition to Defendants' motion for reconsideration of the court's January 13, 2006 Order (doc. 276 at 10 n. 1), to support this argument. Plaintiffs there explained that

> If the COC is held valid [ ], Plaintiffs do not intend to pursue their claim for damages against Defendants for infringement of the [ ] patent for any sales of the accused solutions made prior to issuance of the COC. . . . The only issue that would remain for trial would be Plaintiffs' claim for damages against Defendants for infringement of the [ ] patent after issuance of the COC.

If the court finds any <u>conditional</u> withdrawal in this language, such condition is merely that the COC be held valid by <u>this</u> court, pre-trial. The language quoted does not imply that the COC's validity must be upheld on <u>appeal</u>. Hence, any

8

condition to the withdrawal was satisfied when this court concluded the COC to be valid. (See doc. 277). Apparently, the Plaintiffs believed the condition was thus satisfied, as less than a week later, they agreed that their pre-COC claims were withdrawn, and indicated no further condition to that withdrawal. (See docs. 279, 289).

Furthermore, the language of the Pretrial Order is unambiguous, and contains no mention of any further condition to the withdrawal of the claims after this court held the COC was valid: "Plaintiffs have withdrawn their claim that Defendants infringe the [ ] patent claims prior to issuance of the COC. The only issue remaining for trial is damages." (doc. 279 at 4).

Nor does the transcript of the Final Pretrial Conference, held the same day the Pretrial Order was entered, explain or imply that Plaintiffs' withdrawal of their pre-COC claims was conditional on the COC's validity on appeal. When the court explained that "the only issue remaining is for the jury to determine damages," Plaintiffs' counsel responded, "Plaintiff agrees." (doc. 289 at 3). The court later explained further that "the plaintiffs have withdrawn their claim for precertificate of correction infringement and damages." (Id. at 5). No condition to that withdrawal was mentioned by the court or asserted by the Plaintiffs.

In *Morro v. City of Birmingham*, 117 F.3d 508 (11th Cir. 1997), the court

explained that "[c]ounsel may waive the right to have an issue decided by failing to identify the issue to the court at the pretrial conference, regardless of whether the issue is a legal or factual one." 117 F.3d at 516 n. 3, citing *Lexington Ins. Co. v. Cooke's Seafood*, 835 F.2d 1364, 1368 (11th Cir.1988). Plaintiffs' counsel failed to identify Plaintiffs' pre-COC claims as remaining in issue if the COC's validity was reversed on appeal. Hence, under the reasoning of *Morro*, the court disagrees that Plaintiffs' withdrawal of their pre-COC claims was conditional on the Federal Circuit's opinion, and finds that the claims were withdrawn.

Finally, Plaintiffs contend that, because the COC is invalid, the issue whether Defendants may be liable for infringing the patent's pre-COC claims is <u>automatically revived</u>. Plaintiffs cite to only one case, *Saunders Group, Inc. v. Comfortrac, Inc.*, 2007 WL 1827843 (Fed. Cir. 2007), in support of this argument. In *Saunders*, the court vacated summary judgment on the basis that the district court's claims construction was erroneous. *Id.* at *1.

*Saunders* does not support Plaintiffs' argument that, because this court's claims construction was rejected on appeal, Plaintiffs may automatically retract the withdrawal of their pre-COC claims. In *Saunders*, the plaintiffs had not voluntarily withdrawn any claims prior to the appeal, nor did the appellate court conclude that, if the plaintiffs had thus withdrawn any claims, such claims would be "automatically

10

revived" on remand. Therefore, *Saunders* is readily distinguishable from the present action. Plaintiffs cite to no authority that supports their argument, and the court is aware of none.

This court is following the mandate of the Federal Circuit's opinion, as the case is proceeding under the original versions of the patent claims. The court simply concludes, however, that, prior to the appeal, Plaintiffs abandoned their pre-COC claims in favor of their broader post-COC claims. That the post-COC claims were later nullified on appeal does not obligate this court to shield Plaintiffs from the consequence of their failed legal strategy by resurrecting claims they have voluntarily abandoned. Hence, the court concludes that Plaintiffs may not reassert their pre-COC claims on remand. As Plaintiffs do not argue that any additional claims remain to be decided, the court finds that Plaintiff have no further issues to argue on remand.[6]

---

[6] Defendants argue that Plaintiffs' pre-COC claims are disallowed under FED. R. CIV. P. 37(e), which has been abrogated, and FED. R. CIV. P. 56(d). In support of their Rule 56(d) argument, Defendants appear to argue that no genuine issue of material fact exists as to whether Plaintiffs may recover for their pre-COC claims under the doctrine of equivalents. The question before the court, however, is not whether Defendants are entitled to summary judgment as to Plaintiffs' pre-COC claims. The court finds it sufficient to disallow the pre-COC claims to be reasserted due to Plaintiffs' failure to demonstrate "good cause" to modify the Pretrial Order. Hence, the court does not address Defendants' Rule 56 argument.

Similarly, Defendants offer additional bases for why Plaintiffs should not be permitted to reassert their pre-COC claims, including judicial estoppel, whether this court was "misled" into deciding that the COC was valid, and whether FED. R. CIV. P. 41(b) precludes the withdrawn claims from being reasserted. As explained *supra*, because the court finds that Plaintiffs have not shown "good cause" to amend its Pretrial Order, and therefore does not allow Plaintiffs to reassert their pre-COC claims, the court need not consider the merits of these additional arguments.

**B. Defendants' attorney fees under 35 U.S.C. § 285.**

As a final matter, Defendants appear to assert a claim for attorney fees under 35 U.S.C. § 285. This claim is seemingly based on Plaintiffs' alleged failure to conduct a proper pre-filing inquiry into the merits of their claims. Defendants argue that they are entitled to "limited discovery" on this issue.[7]

Defendants' basis for this argument is unclear. Defendants offer no reason for the court to question Plaintiffs' pre-litigation conduct or allow discovery into this issue. Rather, Defendants merely conclude that they are entitled to discovery into their claim for attorney fees under 35 U.S.C. § 285.

Defendants cite to one case, *Superior Fireplace Co. v. Majestic Prods.*, 270 F.3d 1358, 1378 (Fed. Cir. 2001), which stands for the proposition that, in deciding whether to award or deny attorney fees under 28 U.S.C. § 285, a district court must set forth its reasons for so deciding, so that the determination, if necessary, may be reviewed on appeal.

*Superior Fireplace* is unhelpful in answering why the court should allow discovery into Plaintiffs' pre-litigation conduct. Without a more substantive argument in support of this claim, the court finds no reason to allow the Defendants

---

[7] While Defendants' argument on this point is, at best, limited, Plaintiffs offer no response to it.

to address this issue on remand. See *United States Steel Corp., U.S. Steel Mining Co., LLC, v. Astrue*, No. 06-15255, slip op. at 31 n. 13 (11th Cir. Aug. 15, 2007), citing *Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument), and *Ordower v. Feldman*, 826 F.3d 1569, 1576 (7th Cir. 1987) (an argument made without citation to authority is insufficient to raise an issue before the court).

### III. CONCLUSION

Having considered the parties' arguments in response to its Order of May 31, 2007, regarding what issues, if any, remain to be decided on remand, the court concludes that no such issues remain. Consequently, this action is due to be **DISMISSED WITH PREJUDICE**. A separate Order will be entered.

**DONE** this the fifteenth day of August, 2007.

                                                                              _____
                                                                              **VIRGINIA EMERSON HOPKINS**
                                                                              United States District Judge